UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| LAWRENCE BRAUTIGAM, JR. § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | CIVIL ACTION NO. | |
| § | | |
| HYDROZONIX, LLC § | | |
| Defendant. § | | |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Lawrence Brautigam, Jr. ("Plaintiff") files this Original Complaint, and respectfully shows as follows:

### I. PRELIMINARY STATEMENT

1. Plaintiff previously worked as an employee for Hydrozonix, LLC ("Hydrozonix").

2. Plaintiff brings this action to recover overtime compensation and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et. seq.* (the "FLSA").

3. Defendant willfully violated the FLSA by failing to pay Plaintiff for overtime hours worked in excess of forty hours per week at a rate of one and one-half times his regular rate of pay.

## II. PARTIES

4. Plaintiff is an individual residing in Texas.

5. Hydrozonix is a Florida limited liability company that can be served through its registered agent for service in Texas, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, TX 75201, or where found.

## III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."

7. This Court has personal jurisdiction over Defendant because it conducts a substantial amount of business in Texas. This Court's assertion of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## IV. COVERAGE

9. At all relevant times times, Defendant has been an employer of Plaintiff within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. Defendant was unquestionably an "employer" or "joint employer" of Plaintiff. Specifically, Plaintiff performed work on jobs for Hydrozonix, he was told where to go and what

to do on such jobs by employees of Hydrozonix, he was required to adhere to employment policies of Hydrozonix, and he was paid by Hydrozonix.

11. At all relevant times, Defendant has operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all relevant times, Defendant has operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

13. At all relevant times, Plaintiff was an employee for Defendant who was engaged in commerce or in the production of goods for commerce.

## V. FACTUAL BACKGROUND

14. Hydrozonix is an oilfield services company with operations across West Texas. Plaintiff was employed by Defendant as an Ozone Technician and primarily performed manual labor related to oilfield services. Plaintiff worked for Defendant from roughly March 6, 2018 until early March, 2020. Plaintiff did not possess the power to hire or fire other employees, nor was he given any input regarding personnel matters.

15. While employed by Defendant, Plaintiff routinely worked at least 55-60 hours per week, and sometimes many more than that. Instead of paying him overtime, Defendant paid Plaintiff a salary, with no additional pay for hours worked above 40 in a week.

16. As set forth herein, Defendant has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and a half times the regular rate for which he was employed.

17. No exemption excuses Defendant from paying Plaintiff overtime rates under the FLSA. Defendant has failed to make a good faith effort to comply with the FLSA. Instead, Defendant knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation. Specifically, Defendant knew or should have known that Plaintiff was working more than 40 hours per week, and Defendant consciously chose not to pay Plaintiff overtime for the hours worked above 40 each week. Plaintiff is entitled to liquidated damages (and Plaintiff is entitled to go back three years for the FLSA claims) as a result of such conduct.

18. Pursuant to the FLSA, Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

### VI. CAUSE OF ACTION - VIOLATIONS OF THE FLSA

19. The foregoing allegations are incorporated herein by reference.

20. Plaintiff was a non-exempt employee of Defendant.

21. Plaintiff was entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

22. Defendant violated 29 U.S.C. § 201 et. seq. by failing to pay Plaintiff overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

23. Plaintiff seeks all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## VIII.  RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully requests that on final hearing, Plaintiff be awarded:

a. Unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times the employee's regular rate of pay;
b. Liquidated damages in an amount equal to the unpaid overtime compensation;
c. Attorney's fees, costs and expenses;
d. Pre- and post-judgment interest at the highest rates allowed by law; and
e. All other relief, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

By: /s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Borsellino, P.C.
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com